```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
EASTERN BROADCASTING AMERICA CORP., a
California corporation doing business
as BNE, BNE (USA), Inc., and ETTV              MEMORANDUM AND ORDER
AMERICA CORP.,
                                               Civil Action No.
         Plaintiff,                            CV-04-5654 (DGT)

     -against-

UNIVERSAL VIDEO, INC. a/k/a/ C.F.W.
PRODUCTION, INC., SUPER DOUBLE
INTERNATIONAL (USA) INC., VIDMART
INTERNATIONAL INC. a/k/a LASER VIDEO
CITY, INC., "ABC CORP." #1 through
#20, "JOHN DOES" and/or "JANE DOES"
#1 through #20, names of said
individuals being fictitious and
unknown to Plaintiff,

         Defendants.

------------------------------------X
```

TRAGER, J:

On December 27, 2004, Plaintiff Eastern Broadcasting America Corp., or BNE Corp. ("BNE"), brought suit against several defendants, including Vidmart, for copyright infringement. In three causes of action, BNE seeks an injunction against further infringement by defendants, asserts that defendants have been unjustly enriched and seeks an accounting to determine the amount of damages. Compl. ¶¶ 20-27. On March 21, 2005, Vidmart filed a motion to dismiss under Rule 12(b)(6) and a motion for a more definite statement under Rule 12(e). Vidmart further claimed that there is no subject matter jurisdiction under federal

copyright law in this case.

## (1)

## Background[1]

BNE is the exclusive licensee in the United States or United States copyright holder of 126 Korean and Chinese language television programs that are filmed in Taiwan, China and Korea, all of which are listed in Exhibit A of the complaint. Compl. ¶ 11, Ex. A. BNE manufactures, imports and distributes these programs within the United States. Compl. ¶¶ 11-13.

On or about December 7, 2004, a representative of BNE visited Vidmart and found that a program titled "Tei Chi Tung Ya Ji Xiao Lan" had been reproduced into videocassettes and was being rented to customers. Compl. ¶ 15(c). BNE held an exclusive distribution license to that title and did not, at that time, have a contract with Vidmart granting it the right to copy, rent or otherwise use the program. Id., see also Ex. A, 1. Plaintiff's representative rented the video and confirmed that the content was identical to the plaintiff's master copy of the program. Compl. ¶ 15(c). BNE further alleged that on or before December 7, 2004, the defendant "knowingly and willfully began to copy, manufacture, rent, sell, distribute and/or otherwise exploit copies" of BNE's protected material, referencing the list

---

[1] Plaintiff BNE alleges the following facts in its complaint, which, for the purposes of this motion to dismiss, are taken as true.

of 126 programs in Exhibit A. Id.

Vidmart argues that because a licensing agreement with BNE granted Vidmart permission to copy and rent the videos in question, the instant action is a breach of contract action, not an action for infringement. Mem. of Law in Support of Def. Vidmart's Mot. to Dismiss ¶ 12 ("Def. Mem. of Law"). This argument and Vidmart's arguments in support of dismissal for failure to state a claim for relief or for a more definite statement are addressed below.

**Discussion**

**(1)**

**Copyright Infringement Versus Breach of Contract**

Vidmart argues that a previous agreement between BNE and Vidmart requires BNE to raise this claim under state contract law, rather than under federal copyright law.[2] Both sides agree that at one time, Vidmart was a licensee of BNE. BNE's complaint makes clear that as of December 7, 2004 Vidmart had no rights under a license, but does not reference the previous license.

---

[2] While evidence outside the pleadings is generally not considered on a motion to dismiss, plaintiff has an affirmative duty to prove by a preponderance of the evidence that subject matter jurisdiction exists and a court, therefore, may rely on facts outside the pleadings for that limited purpose. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); Wiesman v. C.I.R., 103 F. Supp. 2d 621, 623 n. 2 (E.D.N.Y. 2000).

Compl. ¶ 15. At the February 10, 2005, evidentiary conference for this motion, Vidmart's witness Johnny Cheung, an employee of the store, admitted that the license agreement had lapsed and that the store was in the process of attempting to negotiate a new agreement. Tr. 62, 67-8. According to the complaint, the defendant continued to copy and rent the programs after the end of the agreement. Compl. ¶ 15.

Under these facts, plaintiff has clearly alleged a cause of action under copyright law. Even if a license agreement previously existed, a copyright action can arise once a licensee makes himself a "stranger" to the licensor by using the copyrighted material in a way that exceeds the duration or scope of the license. Microsoft Corp. v. Harmony Computers & Elecs., Inc., 846 F. Supp. 208, 214 (E.D.N.Y. 1994) (finding that defendants made themselves strangers to plaintiffs by exceeding the scope of licensing agreements); Kamakazi Music Corp. v. Robbins Music Corp., 684 F.2d 228, 228 (1982) (construing the claim as one arising under copyright because once defendant's contract to print sheet music expired, it no longer had the right to print the copyrighted material).

Here, BNE's complaint makes clear that the licensing agreement with Vidmart was no longer in effect, a fact confirmed by Vidmart's own witness. Compl. ¶ 15. Vidmart, therefore, had no right to duplicate the copyrighted material or rent it to its

4

customers. In the absence of such a right, the claim is not one for breach of contract but rather arises under the copyright laws.

**(2)**

**The Standard for a Copyright Infringement Claim Under Rule 8(a)**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show a prima facie case of copyright infringement, the plaintiff must allege "(1) it is the valid owner of a copyright and (2) defendant has engaged in unauthorized 'copying,' where 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106." Microsoft Corp. v. Harmony Computers & Electronics, Inc., 846 F. Supp. 208, 210 (E.D.N.Y. 1994) (citations omitted); see also Tangorre v. Mako's, Inc., No. 01-cv-4430, 2002 WL 313156, at *2 (S.D.N.Y. Jan. 30, 2002) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To be sufficient, a copyright infringement claim must allege: "(1) which specific original works form the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." Home & Nature

Inc. v. Sherman Specialty Co., Inc., 322 F. Supp. 2d 260 (E.D.N.Y. 2004); see also Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994) (citing Franklin Elec. Publishers v. Unisonic Prod. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991), aff'd, 23 F.3d 398 (2d Cir. 1994)).

Defendant does not contest that plaintiff met its burden in regard to pleading with respect to the second and third elements, that it owned and registered the works at issue. Defendant argues that plaintiff has not sufficiently pled the first and fourth elements: which original works are the subject of the claim and by what acts and in what time period defendant infringed the copyright.

**a. Works that are the Subject of the Copyright Claim**

In the instant motion, defendant claims that the complaint is defective because it only gives the title of one program upon which Vidmart was infringing, but also states that Vidmart was infringing on "other" titles as well. Defendant argues that this failure to specify every title results in a lack of adequate notice. With respect to "Tei Chi Tung Ya Ji Xiao Lan," the one title that BNE specifically alleged that Vidmart was infringing, BNE stated in the complaint that it viewed the tape and verified that it was a duplicate of a program for which BNE seeks copyright protection. This allegation, in and of itself,

satisfies the first requirement that a complaint must specify the work that is the subject of the copyright claim.

Moreover, where plaintiff has listed the works at issue, there is no requirement that plaintiff plead exactly which individual copyrighted works are the subject of the infringement claim. Home & Nature Inc., 322 F. Supp. 2d at 299 (finding pleading sufficient where plaintiff listed "the copyright registration numbers issued by the United States that correspond to each of its copyrighted [material], annexing copies of the United states Certificates of Copyright Registration, and stating the defendant has infringed upon one or more of these copyrights"). Here, Plaintiff alleged that the defendant "knowingly and willfully began to copy, manufacture, rent, sell, distribute and/or otherwise exploit copies of the [programs listed in Exhibit A to the complaint]." Compl. ¶ 15. Any confusion as to which of these copyrighted works are the subject of the complaint "may be explored on discovery." Tin Pan Apple v. Miller Brewing Co., 737 F. Supp. 826, 828 (S.D.N.Y. 1990) (finding a complaint sufficient where plaintiff alleged that "one or more" of its songs had been infringed by defendant's parody).

**b. Alleged Acts and Time Period of the Copyright Infringement**

Plaintiff also sufficiently alleges the acts and time frame of the infringing activity. The complaint alleges:

> that on or before December 7, 2004, defendants, and each of them, knowingly and willfully began to copy, manufacture, rent, sell, distribute and/or otherwise exploit copies of the Programs [listed in Exhibit A], as well as other television programs, the exclusive distribution rights to which have been licensed to Plaintiff[.]

Compl. ¶ 15. The complaint further alleges that on or around December 7, 2004, one of BNE's representatives rented the program "Tei Chi Tung Ya Ji Xiao Lan" from defendant Vidmart. Compl. ¶ 15(c). This program was licensed to BNE and Vidmart did not have any right to copy or distribute it. Id. These allegations are sufficient to put defendants on notice of the acts and time period that are the subject of plaintiff's complaint. Home & Nature, 322 F. Supp. 2d at 266-7.

(3)

**Motion for a More Definite Statement Under Rule 12(e)**

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). A motion for a more definite statement should not be granted if a

8

complaint meets the notice pleading requirements of Rule 8. Kelly, 145 F.R.D. at 35. As discussed above, plaintiff's complaint meets the Rule 8 requirements for a copyright infringement claim. Vidmart's request for a more definite pleading is, therefore, denied.

## Conclusion

For the foregoing reasons, Vidmart's frivolous motion to

dismiss for lack of subject matter jurisdiction, motion to dismiss under Rule 12(b)(6), and motion for a more definite statement under Rule 12(e) and are denied.

Dated: Brooklyn, New York
       March 24, 2006

                                        SO ORDERED:

                                          /s/
                                        David G. Trager
                                        United States District Judge